## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOEL K. BANGO,** | : | **CIVIL ACTION NO. 1:07-CV-1095** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **STATE OF PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 3rd day of October, 2007, upon consideration of *pro se*

plaintiff's motion for preliminary injunction (Doc. 7), and it appearing that plaintiff's

requested relief requires him to establish that: (1) he has a reasonable probability

of success on the merits, (2) irreparable injury will result without injunctive relief,

(3) granting an injunction will avoid a comparably greater injury than denying it,

and (4) an injunction is in the public interest, see BP Chems., Ltd. v. Formosa

Chem. & Fibre Corp., 229 F.3d 254, 263 (3d Cir. 2000); Merrill Lynch, Pierce, Fenner

& Smith, Inc. v. Chamberlain, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001), and the

court finding that plaintiff has produced insufficient evidence to establish a

reasonable probability of success on the merits,[1] see Highmark, Inc. v. UPMC

Health Plan, Inc., 276 F.3d 160, 173 (3d Cir. 2001), and that plaintiff has failed to

establish that he faces injury that is imminent and probable,[2] see Anderson v.

Davila, 125 F.3d 148, 163 (3d Cir. 1997), it is hereby ORDERED that the motion for

preliminary injunction (Doc. 7) is DENIED.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] To establish a reasonable probability of success on the merits, the moving
party must produce sufficient evidence to satisfy the essential elements of the
underlying cause of action.  See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir.
1980).  In the instant case, plaintiff claims that defendants violated his Fourteenth
Amendment right to due process by including erroneous information in a
community notification flier that was promulgated pursuant to Pennsylvania's
Megan's Law, 42 PA. CONS. STAT. ANN. §§ 9791-9799.  While an individual may
possess a liberty interest in avoiding an erroneous sex offender designation, see
Renchenski v. Williams, No. 06-278, 2007 WL 2155542, at *9 (M.D. Pa. July 26, 2007),
plaintiff does not argue that he has been improperly labeled a sex offender.
Moreover, the court has examined the flier in question and has found nothing to
suggest that it actually contains any deliberately false information.  (See Doc. 17-2
at 21.)  Plaintiff also claims that defendants violated his Eighth Amendment right to
be free from cruel and unusual punishment.  This claim is also unlikely to succeed
because the United States Court of Appeals for the Third Circuit has held that
Megan's Law notification requirements do not constitute punishment.  E.B. v.
Verniero, 119 F.3d 1077, 1092-1105 (3d Cir. 1997); Paul P. v. Veniero, 982 F. Supp.
961, 965-66 (D.N.J. 1997).

[2] Plaintiff alleges that he has suffered irreparable emotional harm because of
defendants' actions.  (See Doc. 7 ¶ 2.)  However, plaintiff has failed to allege that
defendants' community notification efforts are ongoing or that he will suffer any
additional harm if the requested injunctive relief is not granted.